45 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Shirley M. BLAKE, Plaintiff-Appellant,
v.
WACCAMAW REGIONAL PLANNING AND DEVELOPMENT COUNCIL of
GEORGETOWN, South Carolina, a Body Politic; William J.
Schwartzkopf, Director; C. Kenneth Thompson, Executive
Director, individually and as agents, employees and/or
servants of Waccamaw Regional Planning and Development
Council of Georgetown, South Carolina, Defendants-Appellees.
 No. 93-2139.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 18, 1994.
Decided: Dec. 29, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-92-1233-18)
 Fred Henderson Moore, MOORE & MOORE, Charleston, SC, for Appellant. Bruce E. Miller, Lori S. Dandridge, BARNWELL, WHALEY, PATTERSON & HELMS, Charleston, SC, for Appellees.
 D.S.C.
 AFFIRMED.
 Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Shirley Blake appeals the district court's entry of summary judgment for Defendants in this employment discrimination action. She contends that the district court improperly relied on an adverse determination by the Equal Employment Opportunity Commission (EEOC) in reaching its decision. We affirm.
 
 
 2
 Contrary to Blake's assertions, the determination by the EEOC did not play a dispositive role in the court's decision. Indeed, the magistrate judge mentioned the determination only once, when identifying the evidence submitted by the Defendants in support of the summary judgment motion. The magistrate judge found that Blake had not made out a prima facie case of discrimination. This finding was based on: (1) the strength of evidence, other than the EEOC's determination, submitted in support of the summary judgment motion; and (2) affidavits submitted by Blake in opposition to the motion, which were insufficient to demonstrate the existence of a genuine issue of material fact. Indeed, a fair reading of the record reflects that the EEOC's determination played no role in the ultimate decision by the court.
 
 
 3
 Even if the EEOC's determination played a minor role in the court's decision, this would not be error. That role clearly was not dispositive, and courts have found such determinations to be admissible evidence in employment discrimination actions. See Barfield v. Orange County, 911 F.2d 644, 649-50 (11th Cir.1990), cert. denied, 500 U.S. 954 (1991); McClure v. Mexia Indep. Sch. Dist., 750 F.2d 396, 400 (5th Cir.1985).
 
 
 4
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The motion to submit the case on the briefs is granted, and judgment is affirmed.
 
 
 5
 AFFIRMED.